**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Shamika Lynn WHITESIDE,
Defendant–Appellant.**

**United States of America,
Plaintiff–Appellee,**

v.

**Alejandro Louis Stinson, Defendant–
Appellant.**

No. 99–50712.
D.C. No. CR–98–162–GLT–1.
D.C. No. CR–98–162–GLT–4.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2000.

Decided July 5, 2001.

Before JAMES R. BROWNING, PREGERSON and BEEZER, Circuit Judges.

### MEMORANDUM *

This is a consolidated appeal from defendant Whiteside's convictions for armed bank robbery, conspiracy and use or carrying of a firearm during and in relation to a crime of violence, and defendant Stinson's convictions and sentencing for armed bank robbery and conspiracy. Because the parties are familiar with the facts and the procedural history of this case, we will not recount them here. We affirm all of Whiteside's convictions. We reverse Stinson's armed bank robbery conviction and five-level sentencing enhancement for use of a firearm, vacate and remand his sentence on the conspiracy conviction, and otherwise affirm.

### I

We find no error with respect to the statement Whiteside gave to the police. *United States v. Doe,* 219 F.3d 1009, 1016 (9th Cir.2000) (waiver of *Miranda* right

is voluntary if confession was the product of free and deliberate choice, and knowing and intelligent if made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it); *Pennsylvania v. Muniz,* 496 U.S. 582, 601–02, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990) (routine biographical questions do not require *Miranda* warning); *United States v. Harrison,* 34 F.3d 886, 891 (9th Cir.1994) (implying leniency does not render confession involuntary). The trial court's factual findings were not clearly erroneous, nor did it predicate its denial of the suppression motion on a legal error. We affirm the trial court's admission of Whiteside's stipulation.

### II

We likewise find no error with respect to Whiteside's convictions for armed bank robbery and conspiracy, and Stinson's conviction for conspiracy. There was sufficient evidence to convict defendants on those counts. Stinson's conviction for armed bank robbery cannot stand, however.

Although there was sufficient evidence to convict him for armed bank robbery by conspiracy, the jury was also permitted to consider convicting him on an aiding and abetting theory. In *United States v. Dinkane,* 17 F.3d 1192, 1197 (9th Cir.1994), we reversed an armed bank robbery conviction of a getaway driver because there was insufficient evidence to establish that the driver had knowledge that his co-defendants were armed. Because Stinson's involvement in this case was no greater than the defendant in *Dinkane,* he could not have been convicted as a aider and abettor. We therefore reverse Stinson's conviction for armed bank robbery.[1] *See Keating v. Hood,* 191 F.3d

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Stinson challenges the trial court's refusal to give an accessory after the fact instruction.

1053, 1062 (9th Cir.1999), *cert. denied,* —— U.S. ——, 121 S.Ct. 69, 148 L.Ed.2d 34 (2000).

## III

Stinson challenges the sentencing court's imposition of a five-level increase for the presence of the firearm. We review the trial court's interpretation and application of the Sentencing Guidelines de novo, and its factual findings for clear error. *United States v. Buenrostro–Torres,* 24 F.3d 1173, 1174 (9th Cir.1994).

Stinson's base offense level was 20. U.S. SENTENCING GUIDELINES MANUAL § 2B3.1 (1998). He argues that because his armed bank robbery conviction was improper, he should not have received a five-level increase for the presence of the firearm. The sentencing court adopted the presentence investigative report's recommendation with respect to the base offense level. It apparently also followed the report's recommendation to group the armed bank robbery and conspiracy counts together in determining the sentence. At the sentencing hearing, the court and counsel simply referred to "the offense," although counsel's argument seemed to refer to the actual robbery itself rather than to the conspiracy. The court later refers to a "total offense level." As a result, it is unclear whether the firearm enhancement pertains to the invalid armed bank robbery conviction, the valid conspiracy conviction, or both. We reverse the enhancement, and remand for resentencing on the conspiracy conviction.

■ We affirm the sentencing court's denial of an adjustment based on Stinson's allegedly minor role in the robbery, as the court's finding on that matter was not clearly erroneous. *United States v. Davis,* 36 F.3d 1424, 1435 (9th Cir.1994). We do

not consider Stinson's challenge to the sentencing court's decision not to make a downward departure from the guidelines based on the pre-sentence report's alleged over-representation of his criminal history, as that decision is not reviewable. *United States v. Flores–Uribe,* 106 F.3d 1485, 1488 (9th Cir.1997).

AFFIRMED in part; VACATED AND REMANDED in part; REVERSED in part.

J. BROWNING, dissenting.

I concur in Part I of the panel's memorandum disposition, but dissent from Parts II and III. As the panel recognizes, there was sufficient evidence to convict Stinson for armed bank robbery by conspiracy. Submission to the jury of an alternative legal theory for which there is insufficient evidence does not provide an independent basis for reversing an otherwise valid conviction. *See Griffin v. United States,* 502 U.S. 46, 60, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991). As we said in *Keating v. Hood* (which oddly enough is the case cited by the panel in support of reversal), "When two theories are presented to a jury and one is factually insufficient, a conviction may be upheld 'because a jury is equipped to analyze the evidence' and so a court may assume that it rested its verdict on the ground the facts supported." *Keating v. Hood,* 191 F.3d 1053, 1062 (9th Cir.1999) (quoting *Griffin v. United States,* 502 U.S. 46, 59, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991)). I would affirm Stinson's conviction for armed bank robbery.

---

Because of our disposition of his armed bank robbery conviction, we decline to address this

assignment of error, as it is moot.